UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO YEVERINO,<br><br>  Plaintiff,<br><br>  v.<br><br>ESTEBAN MUNOZ,<br><br>  Defendants. | No. 1:14-cv-1167 --- GSA<br><br><br><br>**ORDER REMANDING ACTION**<br><br>(Doc. 1) |

## INTRODUCTION

Pro se Defendant, Esteban Munoz ("Defendant"), filed a Notice of Removal of an unlawful detainer action brought against him in the Fresno County Superior Court. (Doc. 1). Defendant's papers fail to invoke this Court's subject matter jurisdiction. Accordingly, the case will be remanded to the Fresno County Superior Court.

## DISCUSSION

### Removal

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

1

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c).

Here, the Notice of Removal and accompanying documents indicate that Defendant was served with the unlawful detainer action on June 23, 2014. (Doc. 1, pgs. 14 and 23). However, Defendant did not remove this action to this Court until July 28, 2014, which is 35 days after he received a copy of the pleading. Therefore, the removal is untimely.

Moreover, generally, subject matter jurisdiction can be established in three ways: 1) a federal question is presented, 2) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). As discussed below, Defendant has failed to establish that federal jurisdiction is proper. The United States is not a party to this action. Similarly, Defendant cannot establish jurisdiction is proper because no federal question has been presented and diversity jurisdiction does not exist.

### Federal Question Jurisdiction

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that, (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose.*" California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Thus, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, the crux of Defendant's claims is a violation of due process because he alleges the judge in the unlawful detainer proceeding is biased against the parties. However, this allegation does not establish this Court's jurisdiction in a removal proceeding, as this claim was not pled in the underlying complaint Plaintiff filed in state court. In other words, Defendant cannot add new claims to Plaintiff's complaint in the underlying state action to establish this establish this Court's jurisdiction in a removal proceeding.

In this case, the record indicates that Eseban Munoz is a named Defendant in a state court complaint seeking unlawful detainer relief, which arises under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Therefore, this unlawful detainer action fails to invoke federal question jurisdiction and is not properly before this Court.

### Diversity Jurisdiction

28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
>
> (1) citizens of different States . . .

Here, the complaint indicates that all parties are citizens of California rather than of different states. Accordingly, diversity jurisdiction does not exist.

### CONCLUSION AND ORDER

For the reasons discussed above, Defendants' papers fail to invoke this Court's subject matter jurisdiction. Accordingly, this case is REMANDED forthwith to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **August 1, 2014**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

4